IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MERCEDES LEWIS,                        §
          Plaintiff,                 §
                                     §
v.                                     §        No. 3:23-CV-435-B-BW
                                     §
EXPERIAN,                              §
          Defendant.                 §        Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Mercedes Lewis's Amended Complaint for

Violation of Civil Rights (Non-Prisoner Complaint), received on March 15, 2023.

(Dkt. No. 7.)  Based on the relevant filings and applicable law, the Court should

**DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii).

## I.  BACKGROUND

On February 24, 2023, Lewis filed this civil action against Defendant

Experian.  (*See* Dkt. No. 3.)  By order dated March 1, 2023, the Court ordered Lewis

to file an amended complaint because her original complaint lacked sufficient factual

content to show that any of the violations she alleged were plausible, as opposed to

merely speculative or conceivable, such that service of the complaint on Experian

would be warranted.  (*See* Dkt. No. 6.)

---

[1] By Special Order No. 3-251, this pro se case has been referred for judicial screening. By Special Order No. 3-354, this case was transferred and reassigned to the undersigned on August 23, 2024.  (*See* Dkt. No. 9.)

Lewis subsequently filed the amended complaint, in which she identifies provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), as the statutory bases of her claims. (*See* Dkt. No. 7 at 4.)  According to Lewis, "Experian committed illegal acts against me and my Credit Report by illegally reporting incorrectly and fraudulently on my credit information incorrectly and maliciously. . . even after plaintiff gave a clear warning via Statute of Limitations Violations through Affidavit that the defendant was violating before initiating the lawsuit." (*Id.*)  She continues, "And my certified mail proofs sent to defendant before filing this lawsuit and they purposely Reported this on my Credit anyways." (*Id.*)

Lewis attaches to her amended complaint: (1) a print-out of an undated Experian credit report summary; (2) an undated and unsigned letter and affidavit purportedly sent to Experian, among others, in which Lewis demands the permanent removal of multiple accounts from her credit report as illegally reported and fraudulent; and (3) a photo of a USPS certified mail envelope addressed to Experian with a corresponding print-out of USPS tracking information from 2021. (*See id.* at 7-26.)  On Lewis's Experian credit report summary, there are handwritten circles around the summary's print date and the dates on which three of the listed accounts were opened; the closed account statuses of two of the latter listed accounts are underlined. (*See id.* at 7-10.)  Lewis seeks $75,000 in damages. (*See id.* at 5.)

## II.  PRELIMINARY SCREENING

Because Lewis has been granted leave to proceed in forma pauperis, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  Section 1915(e)(2) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it "is frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted.  *Id.* at 555.  The same analysis for determining a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to determine whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii).  *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011).

The Court must always liberally construe pleadings filed by pro se litigants, such as Lewis.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, Lewis's complaint fails to state a plausible claim to relief.

## III.  ANALYSIS

Originally enacted as Title VI of the Consumer Credit Protection Act in 1970, Pub. L. 91-508, 84 Stat. 1114-1136, the FCRA exists "to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce." *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing 15 U.S.C. § 1681(b)).  It imposes obligations on consumer reporting agencies ("CRAs"), such as Experian, "and authorizes consumers to bring a private cause of action in response to negligent or willful violations."  *Id.*  In this action, Lewis brings her FCRA claims under 15 U.S.C. § 1681i, § 1681s-2, and § 1681s-2(b); she also generally cites the FCRA and its civil liability provision.  (*See* Dkt. No. 7 at 4.)

Section 1681i of the FCRA "provides procedures by which a Plaintiff can dispute the 'completeness or accuracy of any item of information contained in a consumer's file' and imposes affirmative obligations on [CRAs] that receive notice of disputed information."  *Palomo v. Trans Union, LLC*, No. 4:21-cv-904-SDJ-KPJ, 2022 WL 17731824, at *3 (E.D. Tex. Sept. 7, 2022) (citations omitted).  To state a claim under § 1681i, "the plaintiff must plead factual allegations showing that inaccurate information was included in the plaintiff's credit report."  *Id.*  "The plaintiff can plead inaccuracy by showing the reported credit information is either 'patently incorrect' or 'misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'"  *Id.* (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citation omitted)).  Here, Lewis fails to allege any facts showing that any complained-of credit information is either patently incorrect

or unlawfully misleading for purposes of the FCRA.  Instead, her allegations and supporting attachments constitute no more than "legal conclusions[,] mere labels[,] threadbare recitals of the elements of a cause of action[,] conclusory statements[,] and naked assertions devoid of further factual enhancement" in support of her purported entitlement to relief.  *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citation omitted).  None of these categories of statements is sufficient to state a plausible claim to relief on the face of Lewis's amended complaint.  *See Bell Atl. Corp.*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Lewis also relies on § 1681s-2 and § 1682s-2(b) of the FCRA as statutory bases for relief in this case.  (*See* Dkt. No. 7 at 4.)  These provisions "impose[] duties on furnishers of information," however, and Experian is a CRA, not a furnisher of information for purposes of the FCRA.  *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002); *see also Beard v. Experian Info. Sols., Inc.*, No. 23-1306, 2023 WL 8827762, at *4 (E.D. La. Dec. 21, 2023).  Accordingly, Lewis also fails to state a plausible claim against Experian under these provisions.

Because Lewis has failed to plead sufficient facts to allege a plausible claim against Experian under the FCRA, her complaint does not survive judicial screening. The Court therefore should dismiss this action under § 1915(e)(2)(B)(ii) for failure to state a claim.

## IV.  LEAVE TO AMEND

Notwithstanding a failure to plead sufficient facts, a pro se plaintiff ordinarily should be granted leave to amend her complaint before dismissal.  *See Brewster v.*

*Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).   Leave to amend is not necessary, however, when the plaintiff has already pled her best case.  *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017).

Here, Lewis has already amended her complaint after having been expressly notified by the Court that her original allegations were insufficient to state a claim. (*See* Dkt. Nos. 6-7.)  She therefore has had sufficient opportunity to plead her best case and further leave to amend is not warranted.

## V.  RECOMMENDATION

The Court should **DISMISS** this action with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO RECOMMENDED** on October 31, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).